**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MIKE Y. HALAWANI,

    Plaintiff,

v.

WARDEN WOLFENBARGER, ADW JANE DOE, WARDEN A.J. JACKSON, and OFFICER MCKENZIE,

    Defendants.

_____/

Case No. 07-15483

Honorable Victoria A. Roberts

Magistrate Judge Virginia M. Morgan

**MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA**
**DUCES TECUM TO THE MICHIGAN DEPARTMENT OF CORRECTIONS**

Plaintiff Mike Y. Halawani by and through his attorneys, Kerr, Russell and Weber, PLC, request that this Court compel the Michigan Department of Corrections to comply with the subpoena duces tecum served upon it on September 26, 2008, within seven (7) days of this Court's order pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i).

Pursuant to Local Rule 7.1, concurrence in the relief sought was requested on October 29, 2008, from the Michigan Department of Corrections, but was not obtained. Concurrence was also sought from Kevin Thom, counsel for defendant Hugh Wolfenbarger, but not obtained. Accordingly, Plaintiff respectfully requests that his motion be granted. This motion is supported by the attached Brief.

        Respectfully submitted,

        **KERR, RUSSELL AND WEBER, PLC**

        **/s/Matthew L. Powell**
        Edward C. Cutlip, Jr. (P35836)
        Matthew L. Powell (P69186)
        500 Woodward Avenue, Suite 2500
        Detroit, Michigan 48226-3406
        (313) 961-0200; (313) 961-0388 (Facsimile)
Dated:  November 6, 2008        *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MIKE Y. HALAWANI,

    Plaintiff,

v.

WARDEN WOLFENBARGER, ADW JANE DOE, WARDEN A.J. JACKSON, and OFFICER MCKENZIE,

    Defendants.

_____/

Case No. 07-15483

Honorable Victoria A. Roberts

Magistrate Judge Virginia M. Morgan

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION**
**TO COMPEL COMPLIANCE WITH A SUBPOENA DUCES**
**TECUM TO THE MICHIGAN DEPARTMENT OF CORRECTIONS**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

STATEMENT OF ISSUES PRESENTED ................................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..................................................... iv

INTRODUCTION .......................................................................................................................... 5

STATEMENT OF FACTS ............................................................................................................. 5

LEGAL ARGUMENT .................................................................................................................... 5

I.      Neither Rule 45 Nor 28 U.S.C. § 1821 Require a Party to Tender a Witness Fee or Mileage with a Document Subpoena That Does Not Require a Person's Attendance at a Hearing, Trial, or Deposition ...................................................................................... 5

II.     The Michigan Department of Corrections Waived Any Objection to the Subpoena ......... 6

CONCLUSION ............................................................................................................................... 9

# **STATEMENT OF ISSUES PRESENTED**

**ISSUE 1:**

Do Either Rule 45 or 28 U.S.C. § 1821 Require a Party to Tender a Witness Fee With a Document Subpoena That Does Not Require a Witness's Attendance at Hearing, Trial, or Deposition?

**ISSUE 2:**

Did the Michigan Department of Corrections Waive Any Objection to the Subpoena By Not Filing a Written Objection Within the Earlier of 14 Days After Service or the Time For Compliance?

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**ISSUE 1:**

FEDERAL RULE OF CIVIL PROCEDURE 45

28 U.S.C. § 1821

**ISSUE 2:**

FEDERAL RULE OF CIVIL PROCEDURE 45

*DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.)*, 151 F.3d 75 (2d Cir. 1998)

*Simon Prop. Group, Inc. v. Taubman Ctrs., Inc.*, No. 07-X-51024-DT, 2008 U.S. Dist. LEXIS 5065 (E.D. Mich. 2008)

**INTRODUCTION**

This is a civil rights action by a state prison inmate pursuant to 42 U.S.C. §1983 for adverse actions taken against him because of his race, national origin, and religious beliefs, and in retaliation for his participation in the prisoner grievance process at Macomb Correctional Facilities in New Haven, Michigan. Defendants terminated him from his prison job because of his race, national origin, and/or religious beliefs. Defendants then increased his security level and transferred him to a maximum security prison in retaliation for his grievance activities.

**STATEMENT OF FACTS**

Plaintiff served the Michigan Department of Corrections ("MDOC") with a subpoena duces tecum on September 26, 2008, requesting production of documents relating to the named Defendants in this suit. Ex. 1. The subpoena required production of the requested documents on or before October 13, 2008. The MDOC did not produce any documents in response to the subpoena. On October 14, 2008, defendant Hugh Wolfenbarger sent a letter to Plaintiff's counsel in which he asserted that the subpoena was null and void because a witness fee and mileage did not accompany the subpoena as required by Federal Rule of Civil Procedure 45 and 28 U.S.C. § 1821. Ex. 2.

**LEGAL ARGUMENT**

I. **Neither Rule 45 Nor 28 U.S.C. § 1821 Require a Party to Tender a Witness Fee or Mileage with a Document Subpoena That Does Not Require a Person's Attendance at a Hearing, Trial, or Deposition**

The only basis proffered for the MDOC's defiance of the subpoena came from defendant Wolfenbarger, who stated that the subpoena was null and void because a witness fee and applicable mileage were not included. Ex. 2. Rule 45(b)(1) states that "*if* the subpoena requires that person's attendance," the party serving the subpoena must "tender[] the fees for 1 day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1) (emphasis added).

Likewise, 28 U.S.C. § 1821 only requires that "a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition" be paid a fee. 28 U.S.C. § 1821(a)(1). *See also* 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance.").

The plain language of Rule 45(b)(1) does not require a party that serves a subpoena duces tecum to tender fees for attendance and mileage if a person's attendance is not required. This is made clear in Rule 45(c), which explicitly states: "A person commanded to produce documents . . . need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." FED. R. CIV. P. 45(c)(2)(A). *See also* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 (3d ed. 2008). The subpoena served upon the MDOC did not require "a witness" appear for a deposition, hearing, or trial, nor did it require a person's attendance at the place of production of the requested documents. Ex. 1. The MDOC has no basis for its non-compliance with a validly issued subpoena from this Court. *See Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 821 (1987) (Scalia, J., concurring) (courts empowered to prosecute for contempt "those who . . . disobey orders necessary to the conduct of [their] business (such as subpoenas)"); *U.S. v. Bryan*, 339 U.S. 323, 331 (1950) (subpoena "not invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase"); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1340 (8th Cir. 1975) ("A subpoena is a lawfully issued mandate of the court issued by the clerk thereof").

**II.    The Michigan Department of Corrections Waived Any Objection to the Subpoena**

Federal Rule of Civil Procedure 45 allows a nonparty that receives a subpoena duces tecum to "serve on the party or attorney designated in the subpoena a written objection" to the

subpoena. FED. R. CIV. P. 45(c)(2)(B). Rule 45 further states that "[t]he objection *must* be served *before the earlier* of the time specified for compliance or 14 days after the subpoena is served. *Id*. (emphasis added).

The MDOC did not serve a written objection to the document production request before the earlier of the time specified for compliance or 14 days after service of the subpoena. The only objection came from defendant Hugh Wolfenbarger, which was raised more than fourteen days after the subpoena was served and after the time specified for compliance had passed. Ex. 2. Even if defendant Wolfenbarger could object to the subpoena duces tecum on behalf of a non-party, his written objection was untimely.

The MDOC waived any objection to the document request because it did not timely serve a written objection on Plaintiff's counsel. Likewise, defendant Wolfenbarger waived any objection to the subpoena because his objection was untimely. *See* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 (3d ed. 2008) ("A failure to object within the fourteen day period usually results in waiver of the contested issue."). *See also DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.)*, 151 F.3d 75, 81 (2d Cir. 1998) ("[W]e think it is clear that Rule 45 contemplates assertion of all objections to document production within 14 days, including those based on the act of production privilege."); *Simon Prop. Group, Inc. v. Taubman Ctrs., Inc.*, No. 07-X-51024-DT, 2008 U.S. Dist. LEXIS 5065 at *14 (E.D. Mich. 2008) ("Courts treat a failure to file timely objections as a waiver of the contested issue. . . . . Therefore, Taubman has waived any objection to this subpoena."); *Am. Elec. Power Co. v. U.S.*, 191 F.R.D. 132, 13 ("The failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections." (citations omitted)); *Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D.

7

688, 697 (D. Fla. 2005) ("Failure to serve written objection to a subpoena within the time specified by Fed. R. Civ. P. 45 typically waives any objections the party may have."); *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (D. Cal. 2002) ("[A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived.").

Even though the MDOC failed to make a timely objection to the Rule 45 subpoena, "'*in unusual circumstances and for good cause*, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena].'" *Am. Elec. Power.*, 191 F.R.D. at 136 (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)) (emphasis added); *In re Motorsports Merchandise Antitrust Litigation*, 186 F.R.D. 344, 349 (W.D. Va. 1999); *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 21, 34 (D.D.C. 1998). "Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *Am. Elec. Power*, 191 F.R.D. at 136-37; *Alexander*, 186 F.R.D. at 34; *In re Goodyear Tire & Rubber Co. Sec. Litigation*, 1991 U.S. Dist. LEXIS 14486 (D. Ohio 1991) (finding no waiver where "the parties had an agreement whereby Price Waterhouse would produce certain documents in the subpoena, without prejudice to plaintiffs' right to request more documents or Price Waterhouse's right to object to any such further requests."); *Celanese Corp. v. E. I. du Pont de Nemours & Co.*, 58 F.R.D. 606, 610 (D. Del. 1973) (subpoenaed witness did not object to scope and time "[b]ased on earlier discussions with petitioners' house patent counsel, DuPont was led to believe that a reasonable document request satisfactory to it could be agreed upon readily.").

The subpoena is not overbroad and the other factors are not applicable. To the contrary, the categories of the subpoena at issue are narrowly drawn, seeking relevant information within the scope of fair discovery. *See* FED. R. CIV. P. 26(a)(2)(B), FED. R. CIV. P. 34(c);[1] *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (D. Cal. 2002). The remaining factors are not applicable because Plaintiff's counsel had no prior agreement as to the scope of subpoenaed documents with the MDOC. Because the MDOC did not timely object to the subpoena, there are no unusual circumstances, and there is no good cause that would excuse the untimely objection, the MDOC waived any objection to the subpoena.

## CONCLUSION

For the above reasons Plaintiff requests that the Court grant its Motion pursuant to FED. R. CIV. P. 45(c)(2)(B)(i) and award Plaintiff attorneys' fees and costs associated with the filing of this Motion.

Dated: November 6, 2008
**KERR, RUSSELL AND WEBER, PLC**

**/s/Matthew L. Powell**
Edward C. Cutlip, Jr. (P35836)
Matthew L. Powell (P69186)
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3406
(313) 961-0200
ecc@krwlaw.com
mlp@krwlaw.com
*Attorneys for Plaintiff*

---

[1] Rule 34(c), pertaining to the production of documents, provides that "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIKE Y. HALAWANI,

    Plaintiff,

v.

WARDEN WOFENBARGER, ADW JANE DOE, WARDEN A.J. JACKSON, AND OFFICER MCKENZIE,

    Defendants.

_____/

Case No. 07-15483

Honorable Victoria A. Roberts

Magistrate Judge Virginia M. Morgan

## CERTIFICATE OF SERVICE

Matthew L. Powell, certifies that on the 6th of November, 2008, filed Plaintiff's Motion to Compel Compliance With a Subpoena Duces Tecum to the Michigan Department of Corrections, Brief in Support, Exhibits and Certificate of Service with the Court clerk using the Electronic Filing (ECF) system which will send notification of such filing to all ECF participants and a copy sent via U.S. Mail Certified Return Receipt to:

    Administrator
    Office of Legal Affairs
    Michigan Department of Corrections
    206 E. Michigan Ave.
    Grandview Plaza, P.O. Box 30003
    Lansing, Michigan  48909

    By:  s/ Matthew L. Powell
        Matthew L. Powell (P69186)
    500 Woodward Avenue, Suite 2500
    Detroit, Michigan 48226
    (313) 961-0200
    (313) 961-0388 (Facsimile)

Dated:  November 6, 2008    mlp@krwlaw.com