**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MIKE Y. HALAWANI,**

      **Plaintiff,**

**v.**

**WARDEN WOLFENBARGER, ADW**
**JANE DOE, WARDEN A.J. JACKSON,**
**and OFFICER MCKENZIE,**

      **Defendants.**

_____/

**Case No. 07-15483**

**Hon. Victoria A. Roberts**

**ORDER**
**GRANTING MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA**
**DUCES TECUM TO THE MICHIGAN DEPARTMENT OF CORRECTIONS**

**I.      INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Compel Compliance with

Subpoena Duces Tecum to the Michigan Department of Corrections ("MDOC")  [Doc. #

32], filed November 6, 2008.  While the MDOC did not respond to the Motion,

Defendant Hugh Wolfenbarger filed a Response [Doc. # 34] on November 19, 2008.

Plaintiff filed a Reply [Doc. #35] on November 25, 2008.  Defendant Hugh Wolfenbarger

filed a Sur-Reply [Doc. #36] on November 25, 2008.

For the reasons stated below, the Court **GRANTS** Plaintiff's Motion.

**II.      BACKGROUND**

This is a prisoner civil rights action filed by a state inmate, pursuant to 42 U.S.C.

§1983.  Plaintiff, Mike Halawani, originally brought this action pro se against five

employees of the Mound Correctional Facility and the Macomb Correctional Facility:

1

Wardens Hugh Wolfenbarger and A.J. Jackson; Assistant Deputy Warden Carberry; and Correctional Officers McKenzie and Jenkins, in their individual capacities. Plaintiff now is represented by pro bono counsel. Plaintiff maintains, *inter alia*, that Defendants terminated him from his prison job because of his race (Arab), national origin, and religious beliefs (Islam). Plaintiff says Defendants also increased his security level and transferred him to a maximum security prison in retaliation for his participation in the prisoner grievance process. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

Plaintiff's counsel filed this Motion to Compel the MDOC to comply with a subpoena duces tecum he served via certified mail on September 26, 2008. The subpoena commanded the MDOC to provide the last known addresses and complete personnel files of the named Defendants and required production of the documents on or before October 13, 2008. The MDOC, not a party to this action, failed to produce any documents in response and did not move to quash it. On October 14, 2008, defense counsel advised Plaintiff's counsel that the subpoena was null and void because it was not accompanied by a witness and mileage fee, as required by Fed. R. Civ. P. 45 and 28 U.S.C. § 1821. On November 6, 2008, Plaintiff filed this Motion to Compel. On the same date, Plaintiff filed a Certificate of Service indicating the Motion was served on the MDOC and all electronic filing system participants.

### III.    APPLICABLE LAW

#### A.    STANDING

The initial question is who has standing to challenge the subpoena duces tecum. Generally, a party does not have standing to challenge a subpoena served on a third

2

party; however, exception is made where a party seeks to quash based on claims of privilege, personal interest or proprietary interest relating to documents being sought. *Johnson v. Gmeidender*, 191 F.R.D. 638 (D. Kan. 2000); *Windsor v. Martindale*, 175 F.R.D. 665 (D.C. Colo. 1997). Defendant Wolfenbarger suggests that the request for personnel files and home addresses would invade the privacy and jeopardize the safety of MDOC employees, and constitute a security breach of the MDOC. However, he did not formally move to quash the subpoena. Based upon Defendant Wolfenbarger's claim of personal interest in his personnel file and address, the Court finds that he has standing to challenge the subpoena duces tecum.

The MDOC also has standing to challenge the subpoena duces tecum. The Federal Rules of Civil Procedure allow a person commanded to produce documents or things pursuant to a subpoena duces tecum to serve written objections upon the party or attorney designated in the subpoena; the objections must be filed before the earlier of the compliance date or 14 days after service. Fed. R. Civ. P. 45(c)(2)(B). Similarly, Rule 45 allows a person served with a subpoena to move the issuing court to quash or modify that subpoena under certain specified circumstances. Fed. R. Civ. P. 45(c)(3).

Defense counsel, an assistant attorney general in the Michigan Office of Attorney General, Corrections Division, sent a letter dated October 14, 2008 to Plaintiff's counsel challenging the subpoena as improperly served and void because it was not accompanied by a witness fee and mileage check. It is unclear whether defense counsel also represents the MDOC since the letter does not indicate he sent it as Defendant Wolfenbarger's attorney. For purposes of this Motion, the Court presumes the MDOC is represented by defense counsel.

3

Based upon: (1) Defense counsel's acknowledgment of the subpoena in the October 14, 2008 letter; (2) Plaintiff's counsel's declaration on October 29, 2008 that concurrence in the requested relief was sought and not obtained from the MDOC; and (3) the Certificate of Service indicating the Motion was served on the MDOC on November 6, 2008, the Court finds the MDOC was afforded notice and a reasonable opportunity to respond, and chose not to do so.

**B.    SERVICE BY CERTIFIED MAIL**

Plaintiff says that the subpoena is valid because neither Rule 45, nor 28 U.S.C. § 1821 requires a party to tender a witness fee or mileage with a document subpoena that does not require a person's attendance at a hearing, trial or deposition.  Plaintiff also says Fed. R. Civ. P. 5 allows service of a subpoena by mailing.  Lastly, Plaintiff says that the MDOC waived objection to the subpoena by failing to serve Plaintiff with written objections within the time specified by Rule 45.  Defendant Wolfenbarger says the subpoena is void because it was not personally served.

Rule 5 is not applicable to this matter since the MDOC is a non-party.  Of particular relevance to this Motion are Rules 26 and 45.  Fed. R. Civ. P. 26(b) governs the scope and limits of discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).    Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 45 governs subpoenas.  "[T]he reach of a subpoena issued

4

pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998).  Rule 45(a)(1)(D) says that a command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials. Fed. R. Civ. P. 45(a)(1)(D).

With respect to service of subpoenas, Rule 45 provides:

.       .       .

(b) Service.
(1) By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.
(2) Service in the United States. Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
(A) within the district of the issuing court;
(B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;
(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or
(D) that the court authorizes on motion and for good cause, if a federal statute so provides.
(3) Service in a Foreign Country. 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.
 (4) Proof of Service. Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.
Fed. R. Civ. P. 45(b).

A number of courts hold that the language of Rule 45 requires personal service. *Benford v. American Broadcasting Co., Inc.*, 98 F.R.D. 40 (D. Md.1983); *In re: Johnson & Johnson*, 59 F.R.D. 174 (D. Del.1973); *Conanicut Investment Co. v. Coopers & Lybrand*, 126 F.R.D. 461 (S.D. N.Y.1992); *F.T.C. v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 205 U.S. App. D.C. 172, 636 F.2d 1300 (D.C. Cir.1980)(dictum); *Harrison v. Prather*, 404 F.2d 267 (5th Cir.1968)(service of subpoena upon attorney is not personal service).

Other courts hold that service by mail may be appropriate. *King v. Crown Plastering Corp.*, 170 F.R.D. 355 (E.D.N.Y.1997); *Doe v. Hersemann*, 155 F.R.D. 630 (N.D. Ind.1994); *First Nationwide Bank v. Shur*, 184 B.R. 640 (E.D.N.Y.1995). The courts that have upheld service by certified mail have not found any requirement in the language of Rule 45(b)(1) that mandates personal service. *King v. Crown Plastering Corp.*, 170 F.R.D. at 356 (hand delivery not required as long as the manner of service reasonably insures actual receipt of the subpoena).

The Sixth Circuit has not yet addressed the issue, and, therefore, there is no binding precedent on this Court. The Court finds the reasoning of *Doe v. Hersemann,*155 F.R.D. at 630, persuasive. The *Doe* Court noted that in construing the Federal Rules of Civil Procedure, courts are required to "secure the just, speedy, and inexpensive determination of every action." The Court opined that nothing in the language of Rule 45 suggests that in-hand, personal service is required to effectuate "delivery," or that service by certified mail is forbidden. Instead, the plain language of the rule requires only that the subpoena be delivered to the person served by a qualified

6

person. "Delivery" connotes simply "the act by which the res or substance thereof is placed within the actual . . . possession or control of another." Black's Law Dictionary 428 (6th ed. 1990).

The *Doe* court found that where a mail carrier is a non-party more than 18 years old, certified mail may well assure the delivery foreseen by Rule 45. The court said its conclusion was bolstered by the Federal Rule's description of personal service in the summons and complaint context as "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(1). The court opined that if "delivering . . . to such person," as stated in Rule 45(b)(1), required personal, in-hand service, then "personally" in Rule 4(e)(1) would be pure surplusage. Citing *Resolution Trust Corp. v. Gallagher*, 10 F.3d 416, 420 (7th Cir. 1993) (statutes should be construed to avoid surplusage), the court concluded that "the drafters knew how to indicate a personal service requirement and that they chose not to do so when they created Rule 45." *Doe v. Hersemann*, 155 F.R.D. at 630. This Court agrees that hand delivery is not required by Rule 45 and that certified mail may assure proper delivery.

Before the Court can decide whether delivery by certified mail was accomplished, it must first address several other preliminary matters. First, is the issue of notice. Although Rule 45 allows a non-party to be compelled to produce documents and things, it requires prior notice to adverse parties. Fed. R. Civ. P. 45(b)(1). Since Defendant Wolfenbarger does not challenge the subpoena based on improper notice, the Court assumes that Plaintiff provided proper notice prior to his service via certified mail. Accordingly, the Court finds service of the subpoena was not defective due to improper notice.

7

Second, is the issue of waiver.  The failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections." *American Electric Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).  However, in unusual circumstances and for good cause shown, failure to make timely objection to a subpoena duces tecum will not bar consideration of objection. *In re Motorsports Antitrust Litig.*, 186 F.R.D. 344 (W.D. Va. 1999).

The Court construes defense counsel's October 14, 2008 letter as a written objection, though it is unclear whether it was written on behalf of the MDOC,  Defendant Wolfenbarger or both.  The letter says "[y]our subpoena dated September 26, 2008 addressed to the "Office of Legal Affairs" of the MDOC is null and void, as you failed to properly serve the subpoena.  FRCP 45 requires that a witness fee and round trip mileage check accompany a subpoena . . .  If witness fees and mileage are not paid, the subpoena is <u>not</u> properly served. A subpoena that is <u>not</u> properly served is invalid, void and without force . . ."  The Court finds the written objection to be invalid; the tender requirement does not apply to document-production demands. See *Jackson v. Brinker*, 1992 U.S. Dist. LEXIS 19619 (S.D. Ind. 1992) ("Because a subpoena duces tecum does not command the attendance of the subpoenaed person, Rule 45(b)(1) does not require a tender of attendance or mileage fees in order to effect good service of such a subpoena . . .").

The Court also finds that the written objection was untimely; it was dated after the subpoena's compliance date, albeit by one day.  Neither Defendant Wolfenbarger, nor the MDOC advanced any unusual circumstance or good cause for failure to timely object.  Therefore, the Court finds that the failure to timely object constitutes a waiver of

any claim of defective service.

Since Defendant Wolfenbarger and the MDOC failed to timely raise an objection to the subpoena, their only recourse would be an extension of the Fed. R. Civ. P. 45(c)(2)(B) deadline. But they have not requested such relief, nor attempted to show why an extension is warranted.

Because there are no valid objections to the subpoena, the Court GRANTS the Motion insofar as it seeks an order compelling the MDOC to comply with a command to produce the last known addresses and personnel files of current or former Defendant employees.

The discovery sought by Plaintiff consists of the last known addresses and personnel files of current or former Defendant employees. "A request for discovery . . . should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Lab.,* 137 F.R.D. 336, 341 (D. Kan. 1991). The requested information appears relevant to Plaintiff's claims, *inter alia*, that: (1) he wrote letters and filed grievances against several Defendants complaining of discriminatory treatment; and (2) Defendant McKenzie was either fired or forced to resign due to her hostility and harassment of Black and Middle Eastern prisoners and visitors. Presumably, the Defendant employees' personnel files will contain information regarding Plaintiff's complaints or similar complaints by other inmates, as well as disciplinary or other actions taken against the employees as a result of complaints. This information is within the exclusive possession of the MDOC and not attainable by any other source. Similarly, the last known address information is relevant since the Defendant employees are sued in their individual capacities and most are not

represented by the Michigan Attorney General's Office. All of this information falls within the scope of Rule 26(b)(1), which allows discovery of any relevant "books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." At this discovery stage, the information appears reasonably calculated to lead to the discovery of admissible evidence.

However, due to the sensitive nature of the information, the Court requests that the parties stipulate to a protective order prohibiting disclosure of the information to any non-party. If the parties cannot agree on the terms of a protective order, the Court will issue one.

### C.     SANCTIONS

Finally, Plaintiff seeks an order requiring the MDOC to reimburse him for attorney fees and costs related to his Motion to Compel.

The only provision in Rule 45 which authorizes such relief is subparagraph (e) which provides that:

> The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. Fed. R. Civ. P. 45(e).

In seeking costs, Plaintiff is presumably asking for a finding that the MDOC is in contempt. See *In re: Application of Sumar*, 123 F.R.D. 467, 473 (S.D. N.Y. 1988) (Rule 45(e) is the only authority in the Federal Rules of Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum).

The Sixth Circuit has explained that in order to hold an individual in contempt, the movant must produce clear and convincing evidence  that the defendant violated a definite and specific order of the court with knowledge of the order. *Electrical Workers*

*Pension Trust Fund of Local Union # 58, IBEW v. Gary's Electric Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).

Since Plaintiff did not explicitly invoke Rule 45(e), it may explain why Defendant Wolfenbarger did not explicitly argue that the MDOC's noncompliance was excusable under that provision.  It does not explain why the MDOC has not obeyed the subpoena or responded to this Motion.  Given the circumstances, the Court deems it appropriate to treat the belated objections of Defendant Wolfenbarger and the MDOC as arguments why the MDOC had "adequate excuse" for disobeying the subpoena.  See *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 208 (D. D.C. 2000) (For purposes of Rule 45(e), a timely objection by a non-party to the subpoena is an adequate excuse.").

Defendant Wolfenbarger and the MDOC find fault in Plaintiff's failure to tender "a witness fee and round trip mileage check" with the subpoena.  As discussed above, the tender requirement does not apply to document-production demands. See *Jackson v. Brinker*, 1992 U.S. Dist. LEXIS 19619 (S.D. Ind. 1992).

Defendant Wolfenbarger also finds fault with the manner of service.  Defendant Wolfenbarger says Plaintiff must demonstrate proper service to the Court before he can enforce the subpoena. As discussed above, this Court finds that in certain instances certified mail may assure proper delivery under Rule 45.  To prove service, Rule 45 states: "[p]roving service, *when necessary*, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served.  The statement must be certified by the server." (emphasis added). Fed. R. Civ. P. 45(b)(4).

Attached as Exhibit 1 to Plaintiff's Motion is a Subpoena executed by Plaintiff's

counsel, Matthew Powell, and a Proof of Service executed by Sheila J. Messghinna, as server. The Subpoena was issued on September 26, 2008. However, the Proof of Service, certified by Messghinna, indicates that the date of service was August 26, 2008, the manner of service was certified mail, and the "person" served was the Michigan Department of Corrections. Hence, the Proof of Service is defective on its face since the subpoena could not have been served prior to its issuance date. Moreover, it is not accompanied by a return receipt card showing delivery by the United States Postal Service and receipt by the named addressee.

This defect does not excuse the MDOC's defiance of the subpoena. See *EEOC v. C & P Telephone Co.*, 813 F.Supp. 874, 875 n.1 (D. D.C. 1993) ("Because respondents knew of the subpoena, the EEOC's manner of service, even if technically defective, constitutes substantial compliance."). A witness may not disregard a subpoena he has not challenged by a motion to quash, *Haney v. Woodward & Lothrop, Inc.*, 330 F.2d 940 (4th Cir. 1964), but may refuse to comply with a subpoena until his motion to quash has been ruled upon. *Shawmut, Inc. v. American Viscose Corp.*, 11 F.R.D. 562 (S.D.N.Y.1951). Although a subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nonetheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions.

However, recognizing that this decision is contrary to a majority which Defendant Wolfenbarger and the MDOC might have relied upon, the Court is reluctant to consider the harsh remedy of contempt without first placing them on notice that the Court sustains Plaintiff's position. Justice and fair play mandate one last chance. The Court directs that Plaintiff file with the Court with a corrected proof of service, accompanied by

a return receipt card showing delivery by the United States Postal Service and receipt by the named addressee. The Court also directs that a copy of this decision be served on the MDOC by personal service or certified mail, return receipt requested, and that a certified proof of service be filed with the Court in the manner outlined above. Such service is reasonably calculated to give the MDOC notice of the Court's position with respect to Rule 45. If the MDOC fails to comply with the subpoena, the Court will entertain any further Motion Plaintiff decides to file.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Compel. The Court requests that the parties stipulate to entry of a protective order prohibiting disclosure of the compelled information to any non-party. Given the split of authority and the defect in proof of service, the Court declines to issue sanctions.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 10, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 10, 2008.

s/Carol A. Pinegar
Deputy Clerk